URIAH RAPLEE, appellant, *v.* THOMAS MORGAN, appellee.

3  561
31a 656

*Appeal from Scott.*

In an action by the assignee against the assignor of a promissory note, it is not necessary for the plaintiff to show a judgment against the maker, to lay a foundation for the introduction in evidence of an execution issued thereon. The assignor is a privy in interest with the assignee, in the proceedings to enforce payment of the maker.

In an action by the assignee against the assignor of a promissory note, upon the ground that diligence by suit has been used against the maker, the return of *nulla bona* upon an execution against the maker, is evidence of his insolvency. But in order to charge the assignor, it is also necessary to show that suit was instituted against the maker, within a reasonable time after the debt became due, or the assignment was made.

Where the record in such case showed that suit was commenced within three days after the note fell due, and that the assignee duly issued execution to a constable upon the judgment rendered by a justice of the peace on the note, which was returned *nulla bona* within thirty-seven days ; and thereupon a transcript of the judgment was filed in the office of the clerk of the Circuit Court of the county, and execution issued thereon to the sheriff, which was also returned *nulla bona* : *Held,* that due diligence was shown.

Parol evidence is admissible to show the insolvency of the maker of a promissory note. So, also, is the admission of that fact by the assignor.

It is a well settled principle, that the *bona fide* purchase of a note, in a fair course of trade, at a greater discount than the rate of interest allowed by law, is not usurious, where the original consideration was not tainted with usury.

Courts are not allowed, by settled principles of law, to enlarge, by construction, the provisions of a penal statute.

In an action by the assignee against the assignor of a promissory note, the measure of damages is the amount paid for the note, by the assignee.

THIS cause was heard in the Court below, at the October term, 1839, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff in that Court, for $ 48 and costs. The defendant appealed to this Court.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

J. LAMBORN, for the appellee.

SCATES, Justice, delivered the opinion of the Court : (1)

This was an action of *debt* brought by the appellee against the appellant, before a justice of the peace, upon an assignment of a promissory note for $62,51, and taken by appeal into the Circuit Court.

Upon the trial, the plaintiff below offered in evidence the note and assignment from Raplee to him, also a summons issued by a justice of the peace of Scott county, at his suit, against one S. J. Lowe, the maker of said note. He also offered in evidence, an execution against said Lowe, and the constable's return of *nulla bona* thereon.

He likewise offered in evidence another execution from the Scott

(1) Wilson, Chief Justice, was not present on the argument of this cause.

Circuit Court, upon a transcript of the judgment of the justice against said Lowe, and a return by the sheriff upon it, " no property found."

He proved, by the constable in whose hands the first execution had been placed, that he had searched three times for property; that Raplee told him he believed Lowe had no personalty, and advised him to return the execution, that another might issue from the Circuit Court, to be levied upon land, which Lowe said he owned. To all which the defendant below objected, and moved the Court to enter a nonsuit, which the Court refused, and to which the defendant excepted.

The defendant proved that the consideration of the assignment paid him by Morgan, was $46, or $48, and thereupon moved the Court for judgment for threefold the amount of the difference between the sum so paid, and the amount due upon the note ; which was disallowed by the Court, and judgment rendered for $48.

The appellant assigns for error,

First. The admission of the execution in evidence without first showing the judgment upon which it issued ;

Secondly. The refusal to enter a nonsuit ;

Thirdly. The inadmissibility of the return upon the executions, to show due diligence on the part of the appellee ;

Fourthly. The improper admission of the testimony of the constable ;

Fifthly. The opinion of the Court in refusing to render judgment for threefold the amount alleged to have been taken as usury, is assigned for error ; and,

Lastly. All the decisions of the Court in the cause are assigned as error.

The Court is of opinion that the first error is not well assigned. The appellant was a privy in interest in the suit instituted by the appellee against Lowe, the maker of the promissory note, and would have been concluded by a recovery by the defendant in that suit.

It is a well settled principle, that parties and privies in interest, are concluded by a judgment. (1) In an action, therefore, by the appellee against the appellant, upon his legal responsibility, arising out of the very assignment by which the appellee acquired a right, under the statute, to sue the maker of the note, we are of the opinion that it was not necessary to show the judgment to which he was privy, to lay a foundation for the introduction in evidence of an execution issued thereon. As between either of the parties thereto and third persons, such evidence would be indispensable ; and between third persons or strangers to the record, the like rule prevails, with the exception of officers who justify under such process, against actions of trespass for alleged injuries arising from their official acts.

(1) See 11 Petersdorff's Com. L. 705, and authorities there condensed.

If the premises and corollary be correct, the Court correctly refused to enter a nonsuit, which is assigned as the second error.

The third error assigned questions the admissibility and sufficiency of the evidence, by a return of *nulla bona* on the executions, to establish due diligence on the part of the assignee, in pursuing the debtor to insolvency.

Where diligence by suit is shown, to fix the assignor's liability, such a return is a very necessary part of the plaintiff's proof. But it is also necessary to show that suit was instituted within a reasonable time after the debt became due, or assignment made; and which, by the record in this cause, appears to have been done within three days after the debt became due. The assignee appears still further to have diligently pursued his legal remedy, by issuing two executions under which all the debtor's personalty and realty might have been sold, had he possessed any within the county.

The truth of the officer's return was not questioned on the trial.

In the case of Cowles and Krum *v.* Litchfield, decided at this term,(1) this Court has established the principle, that such a return is evidence of the defendant's insolvency. Further to prosecute the remedy, would but accumulate costs; and the case would fall within the last point resolved in the case of Thompson *v.* Armstrong.(2)

Upon the fourth error assigned, we can perceive no principle of law which would exclude parol evidence to establish the fact of insolvency; or the admission of the appellant, that Lowe had no property subject to the execution issued by the justice.

The fifth and last error that it is necessary to notice, questions the correctness of the opinion of the Circuit Court in refusing to apply the provisions of § 3, of " *An Act to regulate the Interest of Money*,"(3) to the facts in this case. The Court is not disposed, nor allowed, by settled principles of law, to enlarge, by construction, the provisions of a penal statute. It is not shown, in this case, that the original consideration between the promisor and payee, was usurious; in the absence of proof, the Court will not presume it. The defendant here, having in a fair course of trade discounted this note at a higher rate of interest than allowed by law, it is contended, has contaminated it with usury. By the construction given similar statutes by the courts of the several States, the United States, and England, it is a well settled principle that such sale and purchase of a note, *bona fide*, in a fair course of trade, is not usurious, where the original consideration was fair, legal, and not tainted with usury.(4)

On a question so plain and well settled, it is useless to multiply authorities. The Court below very correctly reduced the amount

(1) *Ante* 356.   (2) Breese 24.   (3) R. L. 349 ; Gale's Stat. 343.
(4) 13 Peters 345 ; 15 Johns. 44, 162, 355, and authorities there cited.

of the judgment to the sum actually paid by the appellee.(1)    The judgment of the Court below is affirmed, with costs.

*Judgment affirmed.*